IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CENTER FOR CONSTITUTIONAL RIGHTS, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>CHIEF JUDGE COL. DENISE LIND, et al.<br><br>       Defendants. | Civil Action No. _____ |

**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiffs[1] hereby move for a preliminary injunction requiring defendant Chief Judge Col. Denise Lind, the military judge presiding over the court-martial of PFC Bradley Manning, to permit public and media access to records and proceedings of the Manning court-martial. In support thereof plaintiffs state:

  1.  PFC Manning was arrested in May 2010 and eventually was charged in a military court-martial with various offenses arising from his alleged leaking of government documents to Wikileaks. His trial is scheduled to begin on June 3, 2013, at the Ft. George G. Meade military installation in Anne Arundel County, Maryland.

  2.  Manning's trial and his treatment during his confinement have been the subject of intense national and international media scrutiny. Nevertheless, although the public to date has been permitted to attend most portions of Manning's pretrial court-martial proceedings, public

---

[1] Plaintiffs are the nonprofit public interest law firm The Center for Constitutional Rights (CCR); journalists and authors Glenn Greenwald, Jeremy Scahill, Amy Goodman, Kevin Gosztola, and Chase Madar; media organizations The Nation Company LP, Democracy Now! Productions, Inc., and WikiLeaks ITC Inc.; and WikiLeaks publisher Julian Assange.

access to court documents has been inexplicably denied.  Thus, the press and public are unable to engage in careful observation and analysis of the issues in one of the most important cases involving the alleged disclosure of classified information since the Pentagon Papers.

3. Neither Judge Lind, nor any other government official, has indicated in the military court proceedings that the denial of public access to these judicial documents and records is necessitated by a need to preserve secrets or classified information, to maintain the integrity of the jury pool, or to promote any other legitimate governmental interest.  Nor has the prosecution or any other agency of the government moved to seal parts of the judicial record in the *Manning* proceedings, such that members of the press and public would have an opportunity to object. Nor has there been any indication that defendant Lind has made some document-specific finding of justification for restricting all or partial access to the documents described above, after careful consideration of less-restrictive alternatives.  Finally, neither defendant Lind nor any other military authority has indicated that the military courts will eventually allow for greater publication of these documents.

4. In addition, several important substantive issues have also been addressed and resolved, outside of public view, in off-the-record conferences during the *Manning* pretrial proceedings, including entry of a case management order, a pretrial publicity order, and a protective order for the handling of classified information.  The defense eventually moved to have all such off-the-record conferences recorded and transcribed, but that defense motion was denied.

5. This cloak of secrecy has been drawn over the *Manning* proceedings despite written requests made by several of the named plaintiffs (made on their own behalf and on behalf of the public) and by various other media organizations to the military court seeking greater

public access.  Judge Lind construed the last of those letters from plaintiff CCR as a motion to intervene for the purpose of seeking to vindicate the right of public access to the *Manning* proceedings, and denied the motion.  The Court of Appeals for the Armed Forces (CAAF) ultimately held, in a recent 3-2 decision, that the military appellate courts lacked jurisdiction over plaintiffs' claims.  As the CAAF dissenters suggested, plaintiffs now have no option other than to file an action in an Article III Court.

6. Judge Lind's decision indicated that she believes the military appeals courts (including the CAAF) have only recognized a limited common law right of access to judicial documents, rather than a right of access grounded in the First Amendment.  In fact, as set forth in the accompanying Memorandum in Support, the public and press have First Amendment and common law rights to prompt and contemporaneous access to the records of proceedings in courts-martial.

7. Plaintiffs are likely to succeed on the merits of their claim that defendants are violating plaintiffs' rights under the First Amendment and common law by refusing access to courts-martial documents and proceedings.  As the Supreme Court has repeatedly held, even minimal infringement upon First Amendment values constitutes irreparable injury sufficient to justify injunctive relief.  The intense public interest in the *Manning* court martial would be served by enjoining defendants from continuing to deny access to these materials and proceedings.

8. Members of the press and public may bring actions for injunctive relief directly under the First Amendment.  In addition, under 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Accordingly,

this Court has jurisdiction to issue an Order enjoining defendants from continuing to bar defendants from access to *Manning* documents and certain judicial proceedings.

9. Plaintiffs will provide notice of this motion by serving it with the original Complaint and process, by e-mailing it (without Appendix) to Maj. Wayne H. Williams of the U.S. Army Litigation Division, and by sending copies by overnight courier to the defendants.

10. Additional grounds in support of this motion are set forth in the accompanying Memorandum in Support and Appendix of Exhibits.

WHEREFORE, plaintiffs respectfully request that the Court grant the Motion for Preliminary Injunction and issue an Order in the form attached hereto.

Respectfully submitted,

/s/ William J. Murphy
William J. Murphy (#00497)
John J. Connolly (#09537)
ZUCKERMAN SPAEDER LLP
100 East Pratt St., Ste. 2440
Baltimore, MD 21202-1031
wmurphy@zuckerman.com
Tel: (410) 949-1146
Fax: (410) 659-0436

Shayana D. Kadidal
J. Wells Dixon
Baher Azmy, Legal Director
Michael Ratner, President Emeritus
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
kadidal@ccrjustice.org
Tel: (212) 614-6438
Fax: (212) 614-6499

Jonathan Hafetz
169 Hicks Street
Brooklyn, NY 11201
Tel: (917) 355-6896

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Plaintiffs' Motion for Preliminary Injunction with the Clerk of the Court for the United States District Court for the District of Maryland by using the CM/ECF system on May 22, 2013.

Paper copies of the motion were sent on the same day by overnight courier to the following:

>Colonel Denise R. Lind
>Chief Judge, 1st Judicial Circuit
>U.S. Army Trial Judiciary
>U.S. Army Military District of Washington
>Office of the Staff Judge Advocate
>103 Third Avenue, SW, Suite 100
>Fort McNair, DC 20319

>Maj. Gen. Michael S. Linnington
>U.S. Army Military District of Washington
>Office of the Staff Judge Advocate
>103 Third Ave. S.W., Suite 100
>Ft. McNair, DC 20319

>Lt. Gen. Dana K. Chipman
>U.S. Army Judge Advocate General
>2200 Army Pentagon
>Washington, DC 20310-2200

>Charles T. Hagel
>Secretary of Defense
>1000 Defense Pentagon
>Washington, DC 20301-1000

>Maj. Wayne H. Williams
>Cpt. Rachel A. Landsee
>Office of the Judge Advocate General, United States Army
>U.S. Army Litigation Division
>9275 Gunston Road
>Fort Belvoir, VA 22060
>wayne.h.williams.mil@mail.mil

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                  /s/ John J. Connolly
                                                  John J. Connolly
                                                   *Attorney for Plaintiffs*