**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of 101 West Lombard Street
**Ellen Lipton Hollander** Baltimore, Maryland 21201
District Court Judge 410-962-0742

June 6, 2013

MEMORANDUM TO COUNSEL

Re: *Center for Constitutional Rights, et al. v. Col. Denise Lind, et al.*
Civil Action No. ELH-13-1504

Dear Counsel:

I am in receipt of the "Motion for Leave to File Brief on Behalf of the Reporters Committee for Freedom of the Press and 35 News Media Organizations as *Amici Curiae* in Support of Plaintiffs" (ECF 13). The *amici* state that the attorneys for plaintiffs have consented to the filing of the *amicus* brief, and that counsel for defendants take no position on the matter. Accordingly, the motion of *amici* (ECF 13) is GRANTED.

However, the participation of the *amici* raises a concern as to which I wish to alert counsel. One of my adult children is an employee of one of the news organization *amici*. Specifically, a son is employed in Baltimore by the Hearst Corporation, in sports broadcasting. His employment duties have no connection with news reporting on legal, political, or military affairs generally, or on Wikileaks and the trial of PFC Bradley Manning in particular. Nor does he have a financial interest in the Hearst Corporation, beyond his status as an employee.

Under 28 U.S.C. § 455(a) and the Canon 3(C)(1) of the Code of Conduct for United States Judges, a judge must disqualify herself in a proceeding in which the judge's impartiality might reasonably be questioned. In particular, 28 U.S.C. § 455(b)(5)(iii) and Canon 3(C)(1)(d)(iii) of the Code of Conduct require a judge to recuse where a close relative is "known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." I have not uncovered any authority indicating that my son's employment relationship with an *amicus* meets these standards, so as to mandate disqualification.

Nevertheless, out of an abundance of caution, I deem it prudent to inform the parties of my son's employment relationship. In the event that my disqualification were required, the time-sensitive nature of the proceedings necessitates that the issue be resolved immediately. Therefore, the parties are directed to file, no later than noon on June 10, 2013, statements as to whether they contend that my son's employment relationship with an *amicus* necessitates my disqualification. If any party asserts that my disqualification is required, the party shall provide the authority supporting its assertion.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge